**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE

TROY L. VANWINKLE                                    CASE NO. 16-50363

DEBTOR

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Debtor's Motion to Avoid Judgment Lien as to

22.53 Acres [ECF No. 245] and Debtor's Motion to Avoid Judgment Lien as to 2.48 Acres [ECF

No. 246], as well as the Judgment Creditors Carl David Crawford's and Lyle Walker's

Objections [ECF Nos. 248 and 249].  An evidentiary hearing was held on September 27, 2017,

and the Motions were taken under submission.  The Judgment Creditors' lien is partially

avoidable as to the 22.53 acres, but is not avoidable as to the 2.48 acres, for the reasons stated

more fully herein.

I.      **FACTS AND PROCEDURAL HISTORY.**

The following facts are undisputed.  The Debtor Troy VanWinkle filed a chapter 7

petition on March 3, 2016.  On Schedule A, he listed two pieces of investment property located

in Berea, Madison County, Kentucky: (1) 22.53 acres ("Tract A"); and (2) a partially completed

home and 2.48 acres ("Tract B").

A.  **Tract A.**

The Debtor owns fee simple title in Tract A pursuant to a quitclaim deed dated March 19,

2015, of record in Deed Book 714, Page 140, in the Madison County Clerk's office.  [Debtor

Exh. 1, ECF No. 270-1.]  Tract A is encumbered by a first mortgage held by People's Bank &

1

Trust Company of Madison County ("People's Bank") securing a debt of $248,755.20, plus all

reasonable attorney's fees and expenses.  [Proof of Claim No. 3; Debtor Exh. 3, ECF No. 270-3.]

At the time the petition was filed, the Debtor valued Tract A at $250,000.00.  [ECF No. 1.]  The

Debtor claims an exemption of $1,310.78 in Tract A pursuant to § 522(d)(5).  [ECF No. 244.]

### B.  Tract B.

The Debtor owns Tract B with his non-filing spouse, Jessica VanWinkle, as joint tenants

with a right of survivorship, pursuant to a general warranty deed dated August 25, 2013, of

record in Deed Book 695, page 444, in the Madison County Clerk's office.  [Debtor Exh. 2, ECF

No. 270-2.]  Tract B is encumbered by a first mortgage held by Jerry & Wanda Little (the

"Littles") securing an allowable claim of $95,128.74, as of the petition date.  [Proof of Claim No.

4; Debtor Exh. 4, ECF No. 270-4.][1]

The Debtor listed the value of Tract B as $250,000.00 when he filed the petition.  [ECF

No. 1.]  He amended Schedule A on June 5, 2017, to reduce the total value of Tract B to

$180,000.00.  He claims his interest in Tract B is only $90,000.00 because he owns the property

with his non-filing spouse as a joint tenant with a right of survivorship.  [ECF No. 247.]  The

Debtor claims an exemption of $2,000.00 on Tract B pursuant to § 522(d)(5).  [ECF No. 244.]

### C.  The Judicial Lien.

Tract A and Tract B are also encumbered by the Judgment Creditors' prepetition

judgment lien filed on January 4, 2016, of record in LP Book 86, Page 465, in the Madison

County Clerk's office (the "Judicial Lien").  The Judicial Lien secures a debt of $87,300.00, with

interest at 12% from December 23, 2015.  [Proof of Claim No. 2; JC Exh. 1, ECF No. 273-1.]

---

[1] The Littles' claim is allowed in the amount of $95,128.74 plus interest and ongoing attorney fees and costs
recoverable per the terms of the Mortgage and Note.  [ECF No. 217.]

On June 2, 2017, the Debtor moved to avoid the Judicial Lien on Tract A and Tract B pursuant to § 522(f)[2] [ECF Nos. 245 & 246.]  The Judgment Creditors objected to the Debtor's valuation of his interest in both pieces of real property.  [ECF Nos. 248 & 249.]  An evidentiary hearing was conducted on September 27, 2017.  Upon conclusion of the evidence, the matter was taken under submission and is ripe for decision.

## II.   DISCUSSION.

### A.   Exemption Impairment under § 522(f) and the Burden of Proof.

When a debtor files a bankruptcy petition, an estate is created and property owned by a debtor at that time becomes property of the bankruptcy estate.  11 U.S.C. § 541.  Pursuant to § 522(b)(2), a debtor is entitled to exempt certain property from the bankruptcy estate.  Exempt property is carved out of the bankruptcy estate to ensure the debtor has the "basic necessities of life so that he will not be left entirely destitute by his creditors."  *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998).  Section 522(f) facilitates this purpose by permitting the avoidance of judicial liens that can interfere with a debtor's fresh start.  *In re Northern,* 294 B.R. 821, 831 (Bankr. E.D. Tenn. 2003).

Section 522(f) provides, in relevant part:

> (1) ... [S]ubject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
>
> ....

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f).

The § 522(f) formula is a simple calculation.  It requires adding the value of the judicial lien to be avoided, all other liens, and the exemption.  The value of the real property is then subtracted from this sum.  Any positive amount that remains is the extent to which the lien is impaired.  *See Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 666 (B.A.P. 6th Cir. 1998); *In re Northern*, 294 B.R. at 826-827.

The Debtor has the burden of proof as to all elements under § 522(f), including valuation, by a preponderance of the evidence.  *In re Pace*, 569 B.R. 264 (B.A.P. 6th Cir. 2017); *In re Northern*, 294 B.R. at 827.  The operative date for determining value of the real estate and the liens in the § 522(f) calculation is the petition date.  *See In re Hettinger*, 463 B.R. 835, 837 (Bankr. W.D. Ky. 2011) ("… 11 U.S.C. § 522(a) defines 'value' for purposes of § 522 as 'fair market value as of the date of the filing of petition…'  Accordingly, the petition date has been held to be the operative date for all § 522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens.").[3]

---

[3] The Judgment Creditors confirmed at oral argument that they do not dispute the value of the real estate and liens is determined as of the petition date, although they provided post-petition values for the mortgages and the Judicial Lien as part of the calculations in their brief.  [Judgment Creditors' Brief in Opposition to Debtor's Motions to Avoid Creditors' Judgment Liens, ECF No. 276 at pp. 7-8 n. 5-7.]

Based on the proof of claim filed in the record and introduced as an exhibit, the value of People's Bank's lien on Tract A as of the petition date is $248,755.20. As determined by the Court, the value of the Littles' lien on Tract B is $95,128.74. [ECF No. 217.] Finally, the value of the Judicial Lien as of the petition date according to the Judgement Creditors' proof of claim is $87,300.00.

There is no dispute as to the Debtor's claimed exemptions for Tract A and Tract B, which are $1,310.78 and $2,000.00, respectively. Therefore, the only missing parts of the § 522(f) calculations are the values of Tract A and Tract B.

### B.  The Value of the Real Property.

The parties introduced the testimony of two competing appraisers and their appraisals in support of their positions. Will Sharp testified on the Debtor's behalf and E. Clark Toleman testified for the Judgment Creditors. No party objected to their qualifications, so Sharp and Toleman are recognized as experts qualified to testify as to the values of Tract A and Tract B.

### 1.  The Debtor's Motion for Summary Judgment.

At the close of testimony, the Debtor moved for summary judgment because Toleman valued Tract A and Tract B as of the date of the appraisal, August 25, 2017, and not the petition date. Summary judgment is not warranted. The timing of the valuation goes to its evidentiary value – its weight – and does not justify exclusion or summary judgment.

### 2.  The Value of Tract A.

Toleman's appraised value of Tract A is $360,350.00 as of August 25, 2017, approximately 18 months after the petition date. Toleman's testimony and appraisal support his valuation. But Toleman did not provide a value as of the petition date, which undermines the reliability of this evidence.

5

Sharp appraised the value of Tract A at $248,000.00, which is $11,000.00 per acre. Sharp's appraisal is dated July 22, 2017, but he testified that Tract A would have the same value at the time the petition was filed. Sharp's value at the petition date is therefore given more weight, but Toleman's testimony shows some adjustment of that value is required.

Toleman testified that Sharp's decision to value Tract A at $11,000.00 per acre conflicts with Sharp's statements regarding the comparable sales on which the valuation is based. Toleman is an expert, even if his opinion on the post-petition value of Tract A is not as persuasive, so his critique is relevant and well-taken.

Sharp's appraisal uses the following comparable values:

Comparable No. 1 - $14,420.00 per acre;
Comparable No. 2 - $10,643.00 per acre; and
Comparable No. 3 - $17,785.00 per acre.

[Debtor Exh. 7, ECF No. 270-7 at p. 1.] Sharp's appraisal indicates that he put the most emphasis on Comparable No. 1 and the least on Comparable No. 3. [*Id*. at p. 2.] He testified that Comparable No. 2 "sets the lower end of the likely range." [*Id*.]

Toleman testified that he would have expected Sharp to assign a value per acre closer to the comparable sale given the most weight by Sharp. This criticism is valid. If Comparable No. 1 is given the most weight, and Comparable No. 2 sets the bottom of the range, then the value per acre should at a minimum exceed the mid-point between the values, or $12,531.00.

"A bankruptcy court is not bound to accept the values contained in the parties' appraisals; rather, it may form its own opinion considering the appraisals and expert testimony." *In re Bennett*, No. 07-05514, 2008 WL 4489139 at *2 (Bankr. M.D. Tenn. 2008) (citing *In re Abruzzo*, 249 B.R. 78, 86 (Bankr. E.D. Pa. 2000)). Sharp did not offer a reasonable explanation why his conclusion deviated from his methodology in the appraisal. Therefore, the Court will set

6

the value of Tract A at $12,532.00 per acre, which is $1.00 above the mid-point.  This is a

conservative adjustment that recognizes § 522(f) should be broadly construed under § 105(a) in

favor of debtor's fresh start.  *See In re O'Sullivan*, 569 B.R. 163, 169 (Bankr. W.D. Mo. 2017).

At $12,532.00 per acre, the total value of Tract A is $282,345.96.

### 3.  The Value of Tract B.

Sharp valued Tract B at $200,000.00 in its "as is" condition as of July 22, 2017.  [Debtor

Exh. 8, ECF No. 270-8 at p. 2.]   Sharp also testified that the value of Tract B "would be

substantially similar" if he had appraised the property as of the petition date.  [Sharp Aff., ECF

No. 272-3 at ¶ 26.]  A review of his testimony and the appraisal does not reveal any deficiency

that would justify a deviation from Sharp's opinion.

Like his appraisal for Tract A, Toleman valued Tract B at $297,200.00 on August 25,

2017, rather than as of the petition date.  Therefore, Sharp's appraised value of $200,000.00 is

accepted as the value of Tract B.

### C.  The Value of Debtor's Interest.

There is no dispute that the Debtor has a 100% interest in Tract A, so the full appraised

value is used in the § 522(f) calculation.  But the Debtor argues he should only be charged with

half the value of Tract B because he owns the property as a joint tenant with a right of

survivorship, which he asserts is treated as a tenancy by the entirety in Kentucky.  [ECF No. 246

at ¶ 4.]  The Judgment Creditors do not dispute the Debtor's characterization of his ownership

interest in Tract B or that it is treated as a tenancy by entirety under Kentucky law.  Instead, they

argue that the full value is used in the § 522(f) calculation for Tract B.  [ECF No. 276 at pp. 13-

14.]

There are three estates in real property recognized in Kentucky:  tenancy in common; tenancy by the entirety; and joint tenancy.  *See Sanderson v. Saxon*, 834 S.W.2d 676, 678 (Ky. 1992).  "A tenancy by the entirety is an estate in land shared by husband and wife, whereby at the death of either the survivor is entitled to full fee simple ownership." *Id.* at 678.  This survivorship right will only exist if it is expressly provided for in the deed of conveyance.  KY. REV. STAT. § 381.050; *see also Mastin v. Mastin's Adm'r*, 50 S.W.2d 77, 78-79 (Ky. 1932) (the common law concept that automatically conveyed a survivorship right to a spouse without specific granting language was abrogated by K.R.S. § 381.050).  The right of survivorship is apparent from the deed for Tract B.

A debtor who owns property as a tenant by the entirety with his non-filing spouse is charged with the full value of the property because of the nature of his ownership.  *In re Brinley,* 403 F.3d 415, 420 (6th Cir. 2005).  "[T]he survivor takes the entire estate at the death of the deceased co-tenant not by virtue of that death, but because, in law, each was viewed to own the entire estate from the time of its creation." *Id.*  As such the Debtor is properly charged with the full value of Tract B.

### D.  The § 522(f) Calculation.

Based on the foregoing, the Judicial Lien impairs the Debtor's exemption on Tract A to the extent of $55,020.02 because the sum of the liens and exemption exceeds the value of the Debtor's interest in Tract A.  The Judicial Lien is therefore partially avoidable in that amount on Tract A, and $32,279.98 of the Judicial Lien remains.  The Judicial Lien is not avoidable on Tract B because the sum of the liens and exemptions does not exceed the value of the Debtor's interest in Tract B.  Thus, the full value of the Judicial Lien remains intact as to Tract B.

The calculations for Tract A and Tract B are set forth separately as follows:

8

**Tract A:**

| A. Amount of Judicial Lien: | $87,300.00 |
|---|---|
| B. Amount of all other liens: | $248,755.20 |
| C.  Value of claimed exemption: | $1,310.78 |
| D.  Total of adding lines A, B, and C: | $337,365.98 |
| E. Value of Debtor's interest in property: | $282,345.96 |
| **F. Extent of Impairment/Amount of Judicial Lien Avoidable:** | **$55,020.02** |

**Tract B:**

| A. Amount of Judicial Lien: | $87,300.00 |
|---|---|
| B. Amount of all other liens: | $95,128.74 |
| C.  Value of claimed exemption: | $2,000.00 |
| D.  Total of adding lines A, B, and C: | $184,428.74 |
| E. Value of Debtor's interest in property: | $200,000.00 |
| **F. Extent of Impairment/Amount of Judicial Lien Avoidable:** | **($15,571.26)** |

**III.**    **CONCLUSION.**

Based on the foregoing, it is ORDERED:

1) The Debtor's Motion to Avoid Judgment Lien as to 22.53 Acres [ECF No. 245] is

GRANTED IN PART;

2) The Judicial Lien of record in LP Book 86, Page 465, in the Madison County Clerk's

office, is PARTIALLY AVOIDED as to Tract A and is now a lien against Tract A in the

amount of $32,279.98 pursuant to § 522(f)(1)(A);

3) Unless the Debtor's bankruptcy case is dismissed, the avoided portion of the Judicial Lien on Tract A will not survive the bankruptcy case or affix to or remain enforceable against the Debtor's interest in Tract A; and

4) The Debtor's Motion to Avoid Judgment Lien as to 2.48 Acres [ECF No. 246] is DENIED.

10

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
_**Gregory R. Schaaf**_
**Bankruptcy Judge**
**Dated: Wednesday, October 04, 2017**
**(grs)**